**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4718**

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

            v.

DEVIN BROWN, a/k/a Deno Badazz,

                        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:16-cr-00123-RMG-5)

Submitted:  July 26, 2018                                          Decided:  August 7, 2018

Before GREGORY, Chief Judge, and DIAZ and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; John P. Cronan, Acting Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Leshia Lee-Dixon, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Devin Brown appeals his convictions for attempted murder in aid of racketeering activity in violation of 18 U.S.C. §§ 1959(a)(5), 2 (2012), and using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c), 2 (2012). Brown contends that his convictions are not supported by substantial evidence. We affirm.

We review de novo a district court's denial of a motion for acquittal based on a challenge to the sufficiency of the evidence. *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). In resolving a sufficiency-of-the-evidence claim, we must sustain the jury's verdict "if it is supported by substantial evidence, viewed in the light most favorable to the government. Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (citation and internal quotation marks omitted).

Under 18 U.S.C. § 1959(a)(5), "[w]hoever, . . . for the purpose of . . . maintaining or increasing position in an enterprise engaged in racketeering activity" attempts to murder any "individual in violation of the laws of any State or the United States" shall be punished by imprisonment for not more than 10 years.

> To establish a § 1959 claim, the government must prove beyond a reasonable doubt, (1) that the organization was a RICO[1] enterprise, (2) that

---

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (2012).

2

the enterprise was engaged in racketeering activity as defined in RICO, (3) that the defendant in question had a position in the enterprise, (4) that the defendant committed the alleged crime of violence, and (5) that his general purpose in so doing was to maintain or increase his position in the enterprise.

*United States v. Fiel*, 35 F.3d 997, 1003 (4th Cir. 1994). Brown contends that the evidence at trial was insufficient to establish that he had a position in a RICO enterprise that was engaged in racketeering activity, and that he committed attempted murder to maintain or increase his position in the enterprise.

As defined in § 1959, "enterprise includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1959(b)(2); *see* 18 U.S.C. § 1961(4) (2012).

A RICO enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct. It includes not only legal entities but also any union or group of individuals associated in fact. Nevertheless, an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose

*United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017) (citations and internal quotation marks omitted). "Racketeering activity" includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . , which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. §§ 1959(b)(1), 1961(1) (2012).

3

Brown does not dispute on appeal that there was sufficient evidence at trial to establish that he committed attempted murder under South Carolina law as alleged in the indictment.[2] It was undisputed at trial that Brown was a member of a group called the Wild Boys based in the Green Pond area of South Carolina, and that the members had long-term relationships. Brown testified at trial that the Wild Boys were a record label and rap group. However, several law enforcement officers testified that, based on their investigations and experience, the Wild Boys were a street gang that, in addition to producing rap videos, engaged in numerous violent acts and other criminal activities. These witnesses discussed the hand signs, gang colors, and tattoos the Wild Boys used to identify themselves, as well as the structure of the group. The Government also introduced numerous Facebook posts and YouTube videos in which members of the Wild Boys used hand signs, wore gang colors, and displayed firearms. This evidence was sufficient to allow the jury to find that the Wild Boys were a RICO enterprise.

The evidence was also sufficient to establish that the Wild Boys engaged in racketeering acts—specifically, a 2012 gas station robbery and the 2015 shooting of a woman whose sons were associated with a rival gang. Brown does not dispute that these crimes constitute racketeering activity, and contrary to Brown's argument, the Government presented enough testimony and circumstantial evidence to establish that the Wild Boys committed the crimes.

---

[2] The evidence at trial tended to show that the charged predicate act of attempted murder was a drive-by shooting of a house associated with a rival gang.

4

Brown further asserts that the Government did not prove that he committed the attempted murder in order to maintain or increase his position within the Wild Boys. The Government presented evidence that several weeks before the shooting, Brown and Joshua Manigault, another member of the Wild Boys, got into a dispute on Facebook with Kobla Sanders, one of the men who was present at the shooting. Sanders testified that Brown and Manigault were angry about a comment Sanders made on a post made by Manigault's girlfriend, and the subsequent exchange of words on Facebook included references to Brown and Manigault "com[ing] to [Sanders'] neighborhood" and "dealing" with him. This testimony, taken together with the other evidence regarding the importance to the Wild Boys of responding to disrespect shown to its members, entitled the jury to conclude that Brown committed attempted murder to maintain or increase his position within the Wild Boys.

Because the jury's verdict is supported by substantial evidence, we affirm the district court's judgment.[3] We dispense with oral argument because the facts and legal

---

[3] Brown also contends that if his conviction under § 1959(a)(5) is invalid, his § 924(c) conviction is also invalid. Because Brown's § 1959(a)(5) conviction is valid, this argument fails. Further, we conclude that Brown waived the argument that 18 U.S.C. § 924(c)(3)(B) (2012) is unconstitutional by failing to raise it in his opening brief. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (brackets and internal quotation marks omitted)).

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED